# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANGEL FERNANDES,                          )
                                         )      3:10-cv-00441-LRH-VPC
       Plaintiff,                    )
                                           )
     v.                                     )      **REPORT AND RECOMMENDATION OF**
                                         )      **U.S. MAGISTRATE JUDGE**
                                         )
MICHAEL J. ASTRUE,                         )
Commissioner of Social Security            )
                                         )
       Defendant.                    )      November 30, 2010
_____)

      This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Defendants filed a motion to dismiss Administrative Law Judges Tronvig and Dowgiello from this action (#6).[1] Plaintiff did not oppose the motion, and defendants filed a notice of failure to file a response to the motion to dismiss defendants Tronvig and Dowgiello (#8). After a thorough review, the court recommends that defendants' motion to dismiss defendants Tronvig and Dowgiello be granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

      On August 23, 2010, *pro se* plaintiff Angel Fernandes ("plaintiff") filed a complaint against Michael J. Astrue, Commissioner of Social Security; Robert C. Tronvig, Administrative Law Judge; and Bernard A. Dowgiello, Administrative Law Judge (#4). On page one of his complaint, plaintiff lists only defendant Astrue in the caption; however, he lists defendants Tronvig and Dowgiello on page two of the complaint.[2] *Id.* at 1-2. Plaintiff's complaint states that he was "denied SSI/SSD by ALD [sic] Tronvig Jr. [who] did not make a great effort to assist my lip reading throughout the

---

[1]    Refers the court's docket numbers.

[2]    Plaintiff used the court's civil rights complaint form and changed the portion of the form marked "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" to read "Civil Rights Complaint Pursuant to Bivens Action."

1   Hearing." *Id.* at 3.  Plaintiff further claims that defendant Dowgiello "chose not to reviewe [sic] the

2   appeal and all new medical information." *Id.* at 2.  In summary, plaintiff believes his "rights were

3   abused and [his] case and claim was ignored," and he now takes "civil action to ask relief to be

4   reviewed of all the new information of my [deteriorating] medical condition." *Id.*  Plaintiff's request

5   for relief includes "a full and through [sic] review of the new medical information." *Id.* at 4.

6          On September 14, 2010, defendants filed a motion to dismiss defendants Tronvig and

7   Dowgiello from this action, arguing that "[p]laintiff's exclusive remedy is found in the

8   administrative appeals and judicial review process of the Social Security Act" (#6, p. 3).  While

9   defendants acknowledge that plaintiff appropriately names defendant Astrue, they claim that

10  sovereign and judicial[3] immunity prevent plaintiff from asserting a claim against defendants Tronvig

11  and Dowgiello. *Id.* at 4-5.  Defendants also argue that the Social Security Act "preempts any *Bivens*

12  remedy that plaintiff might attempt to advance against the ALJ's individually." *Id.*

13         Plaintiff did not file an opposition to defendants' motion to dismiss defendants Tronvig and

14  Dowgiello.  Defendants filed a notice of failure to file a response to the motion to dismiss defendants

15  Tronvig and Dowgiello, arguing that "[p]ursuant to Local Rule 7-2(d), plaintiff's failure to file such

16  a response 'shall constitute a consent to the granting of the motion'" (#8, p. 1).  Defendants also

17  assert that the record "provides suitable grounds" to grant the motion to dismiss. *Id.*

18                              **II.  DISCUSSION AND ANALYSIS**

19  **1.     Discussion**

20          **A.     Motion to Dismiss**

21         Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

22  statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss,

23  a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that

24  is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*

25  *v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads

26  factual content that allows the court to draw the reasonable inference that the defendant is liable for

27  _____

28         [3]     The court does not address defendant's argument regarding judicial immunity, as it resolves
    the case on other grounds.

2

1   the misconduct alleged. *Id.* at 1955.

2        When considering a motion to dismiss for failure to state a claim upon which relief can be

3   granted, the court employs to a two-pronged approach. *Id.* First, the tenet that a court must accept

4   as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*

5   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

6   In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable

7   inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

8   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

9        **B.     Sovereign Immunity and *Bivens* Actions**

10        The United States enjoys sovereign immunity, meaning that the federal government is

11   immune from suit unless it expressly waives its immunity and consents to be sued. *United States*

12   *v. Shaw*, 309 U.S. 495, 500-01 (1940). An example of such consent exists in the Social Security Act,

13   wherein the United States consents to suit against the Commissioner of Social Security by

14   individuals requesting judicial review of the Commissioner's benefit determinations. 42 U.S.C. §

15   405(g). The judicial review process of the Social Security Act is outlined in 42 U.S.C. § 405(g) and

16   states in relevant part:

17          Any individual, after any final decision of the Commissioner of Social Security made
            after a hearing to which he was a party, irrespective of the amount in controversy,
18          may obtain a review of such decision by a civil action commenced within sixty days
            after the mailing to him of notice of such decision or within such further time as the
19          Commissioner of Social Security may allow. . . . The court shall have power to enter,
            upon the pleadings and transcript of the record, a judgment affirming, modifying, or
20          reversing the decision of the Commissioner of Social Security, with or without
            remanding the cause for a rehearing.
21

22   42 U.S.C. § 405(g). However, this consent does not extend to lawsuits against other federal

23   employees of the Social Security Administration acting in their official capacities. *Beeman v. Olson*,

24   828 F.2d 620, 621 (9th Cir. 1987) ("United States officials, while acting in their official capacities,

25   enjoy sovereign immunity, and a state court may not entertain an action against them unless their

26   immunity has been waived by consenting to suit or unless the official has exceeded his statutory or

27   constitutional authority."); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It has long

28   been the rule that the bar of sovereign immunity cannot be avoided by naming officers and

1   employees of the United States as defendants."). Further, a plaintiff may not pursue a *Bivens* action

2   for the denial of social security benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 423-24 (1987).

3   **2.     Analysis**

4          As defendants state, plaintiff properly brings his complaint against the Social Security

5   Commissioner, Mr. Astrue, pursuant to 42 U.S.C. § 405(g). The court declines to comment on the

6   merits of the case against Mr. Astrue, but simply notes that plaintiff's complaint against him may

7   proceed. However, plaintiff also lists two Administrative Law Judges as defendants, Mr. Tronvig and

8   Mr. Dowgiello. The court agrees with defendants that plaintiff cannot pursue his claim for judicial

9   review of the denial of social security benefits against these two defendants because they are

10  immune from such claims under the doctrine of sovereign immunity. *See Beeman*, 828 F.2d at 621;

11  *Gilbert*, 756 F.2d at 1458.

12         Further, plaintiff indicates on page one of his complaint that he files his complaint pursuant

13  to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which establishes a legal theory by

14  which plaintiff's may seek damages for constitutional torts committed by agents of the federal

15  government. However, plaintiff lists as his sole request for relief "a full and through [sic] review

16  of the new medical information," which is the remedy available to him under 42 U.S.C. § 405(g).

17  Plaintiff does not seek money damages. However, as noted above, even if plaintiff had requested

18  monetary damages in his request for relief, he could not recover under a *Bivens* theory for the denial

19  of his social security benefits. *See Schweiker*, 487 U.S. at 423-24.

20         Because plaintiff cannot assert claims against defendants Tronvig and Dowgiello under 42

21  U.S.C. § 405(g) or *Bivens*, plaintiff's claims against defendants Tronvig and Dowgiello are

22  dismissed, as they fail to assert claims that entitle plaintiff to relief. Further, the court notes that

23  defendants' motion to dismiss includes sufficient factual and legal arguments upon which the court

24  may render this judgment. Therefore, because plaintiff did not oppose the motion, under Local Rule

25  7-2 the court construes plaintiff's failure to respond as his "consent to the granting of the motion."

26                              **III.  CONCLUSION**

27         Based on the foregoing, the court concludes that defendants' motion to dismiss defendants

28  Tronvig and Dowgiello (#6) should be **GRANTED**.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss defendants Tronvig and Dowgiello (#6) be **GRANTED**.

**DATED**: November 30, 2010.

_____

**UNITED STATES MAGISTRATE JUDGE**