UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANGELA FERNANDES,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendants.

3:10-cv-00441-LRH-VPC

**REPORT AND RECOMMENDATION**
**OF U.S. MAGISTRATE JUDGE**

March 21, 2012

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Plaintiff Angela Fernandes filed a motion for remand seeking review of her claim in light of new evidence submitted to the court (#21).[1] Defendant Commissioner opposed the motion and filed a cross-motion to affirm the Commissioner's final decision (#19). Plaintiff replied (#22).[2] After a thorough review, the court recommends that plaintiff's motion (#21) be denied and that defendant's motion (#19) be granted.

## I. ADMINISTRATIVE PROCEEDINGS

On March 16, 2007, *pro se* plaintiff Angela Fernandes ("plaintiff") filed an application for Social Security Disability Insurance Benefits under Title II of the Social Security Act and on June 9, 2008, plaintiff filed an application for Supplemental Security Income under Title XVI of the Act (AR 59, 106). Plaintiff alleged disability based on a loss of hearing, possible lupus, a rash on her

---

[1] Refers to the court's docket numbers. Plaintiff originally sent a one-page letter and approximately one-hundred-and-twenty-five pages of other materials to the Office of the U.S. Attorney. After the court's minute order (#20), plaintiff filed this document with the Clerk of Court (#21).

[2] Plaintiff filed a document styled "Response to minutes of the court" (#22) which appears to be a reply to defendant's motion.

chest, back, and face, shortness of breath, fatigue, pain in her knees and legs, and headaches. *Id.* at 134. The Commissioner denied plaintiff's claim initially and on reconsideration. *Id.* at 63-66, 71. On March 10, 2009, plaintiff and her attorney, Christopher Van Dyck, appeared at a hearing before Administrative Law Judge ("ALJ") Robert Tronvig, Jr. *Id.* at 19. The ALJ filed a written opinion on September 9, 2009, in which he upheld the denial of plaintiff's claims. *Id.* at 9-16. Plaintiff requested administrative review on September 9, 2009, and the Appeals Council denied review on May 14, 2010, making the ALJ's decision final. *Id.* at 1-3. Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on August 23, 2010 (#4).[3]

## II. BACKGROUND

Plaintiff was forty-seven years old at the time of her hearing before ALJ Tronvig (AR 130). Plaintiff's past relevant employment includes work as a cashier, child care provider, key person at a casino, and clothing inspector. *Id.* at 135-36. Plaintiff alleges that she became disabled on December 13, 2006. *Id.* at 107, 130.

ALJ Tronvig found plaintiff "not disabled" because he determined that plaintiff has the "residual functional capacity to perform light work." *Id.* at 12. Specifically, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful employment since December 13, 2006, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: hearing loss, visual loss of the right eye due to cataract, chronic knee pain bilaterally, chronic dermatitis, hypothyroidism, lower back strain, intermittent fatigue, and headaches (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the

---

[3] The court previously dismissed defendants Tronvig and Dowgiello from this action (#13).

2

        undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant has postural limitations that preclude more than frequent balancing, occasional climbing of ramps, stairs, ladders, ropes and scaffolds, and occasional stooping, kneeling, crouching and crawling; only occasional overhead reaching; and environmental limitations that preclude working in hazardous work areas and very loud work environments; working in concentrated exposure to extreme cold and extreme heat; and working in even moderate exposure to hazards of machinery and heights.

6.     The claimant is capable of performing past relevant work as a child care provider, clothing inspector, and cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.     The claimant has not been under a disability, as defined in the Social Security Act, from December 13, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 11-16.

### III. STANDARD OF REVIEW

The court must uphold the decision of an ALJ if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), citing *Smolen*, 80 F.3d at 1279. "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The Social Security Administration defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to the Social Security Act, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ considers: (1) whether the person is engaging in substantial gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

### III. ANALYSIS

Plaintiff requests that the court consider new evidence and in light of this evidence remand her case (#21). Defendant believes that plaintiff fails to demonstrate the relevance of the new evidence and does not offer good cause for why she did not submit the evidence earlier (#19).

A.  **New Evidence**

To justify remand in light of new and material evidence, a plaintiff must show that there is: (1) new evidence that is material, and (2) good cause for having failed to provide that evidence earlier. *Mayes v. Massanri*, 276 F.3d 453, 462 (9th Cir. 2001); *see* 42 U.S.C. § 405(g). To meet the materiality standard, the "new or additional evidence offered must bear directly and substantially on the matter in dispute." *Mayes*, 276 F.3d at 462 (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)). A plaintiff must also demonstrate that there is a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." *Id.* (citation and quotation omitted). Further, "[a] claimant does not meet the good cause requirement by merely

4

obtaining a more favorable report once his or her claim has been denied. . . . the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. Absent an explanation, failure of an attorney to submit information related to the condition in question during the hearing does not establish good cause. *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987) ("Although the reports were not prepared until after the Secretary rendered a final decision, [plaintiff's] attorney was aware of [plaintiff's condition] at the time of the hearing. [Plaintiff] offers no explanation for his failure to request . . . evaluation . . . at or before the hearing.")

After the Appeals Council declined to vacate the ALJ's September 9, 2009 decision (AR 1-3), plaintiff filed the instant motion with the court to remand the ALJ's decision based on new medical evidence (#21). Plaintiff's motion consists of a single-paragraph letter signed by plaintiff, accompanied by approximately one-hundred-and-twenty-five pages of additional medical materials. *Id.* The additional evidence consists of progress notes from treating physician Derek Mito, and physician's assistant Scott Stimson, handwritten rheumatology treatment notes, and associated laboratory orders and test results. *Id.* at 21-127. Plaintiff also submitted a psychiatric evaluation and psychiatric treatment notes. *Id.* at 1-20. Plaintiff's one-paragraph letter does not provide the court with any detail regarding why the court should review this additional evidence and why she did not submit this evidence during her administrative proceedings.

Plaintiff bears the burden of satisfying the two-part *Mayes* test by providing the court with information regarding how the new evidence "bear[s] directly and substantially on the matter in dispute" and an explanation for why the evidence was previously unavailable. *Mayes*, 276 F.3d at 462. Plaintiff explains that these updated medical records "show that [she is] still receiving treatment for [her] same ongoing pain" (#21, p. 1). Plaintiff provides no facts to support her submission of new evidence and the court is unwilling to speculate about the materiality this evidence.[4] Plaintiff has failed to show that the new evidence is material to and probative of her

---

[4] In its cross motion to affirm the Commissioner's decision, defendant addresses the materiality of each piece of evidence proffered by plaintiff. However, the court does not reach these arguments because plaintiff fails to meet her burden of proof because she does not provide the court with

5

condition as it existed at the time at issue. A plaintiff must demonstrate that "there is a reasonable possibility that the new evidence would have changed the outcome of the [Commissioner's] determination had it been before him." *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (quoting 42 U.S.C. § 405(g)); *see also Van v. Barnhart*, 483 F.3d 600, 605 & n.4 (9th Cir. 2007). The ALJ found that plaintiff had the residual functional capacity to perform light work and to perform past work as a child care provider, clothing inspector, and cashier (AR 12, 15). Plaintiff has not demonstrated a reasonable possibility that this new evidence would have changed the outcome of the administrative proceeding. Further, even if the court did attempt to guess about the meaning of the evidence provided, plaintiff's motion fails because she did not provide good cause for the delay in supplying this information to the ALJ.

Plaintiff does not show "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Booz*, 734 F.2d at 1380.[5] An attorney represented plaintiff at the hearing and he summarized medical evidence for the ALJ (AR 42). Absent an explanation, failure of an attorney to submit information related to the condition in question during the hearing does not establish good cause. *Sanchez*, 812 F.2d 509, 512 ("Although the reports were not prepared until after the Secretary rendered a final decision, [plaintiff's] attorney was aware of [plaintiff's condition] at the time of the hearing. [Plaintiff] offers no explanation for his failure to request . . . evaluation . . . at or before the hearing."). Although this new medical evidence was not prepared until after the ALJ issued a final decision, plaintiff could have sought to obtain this evidence during her proceedings. Further, plaintiff could have submitted this new evidence to the Appeals Council. As defendant argues, a large portion of the new medical evidence pre-dates the Appeals Council's May 14, 2010 denial of review. Plaintiff offers no explanation for her failure to present this evidence at or before the hearing or to the Appeals Council for review. *Allen v.*

---

facts to support her submission of new evidence and the court is unwilling to speculate about the materiality of the new evidence

[5] To the extent plaintiff argues that the evidence shows a worsening or her condition, the evidence is not relevant to the period at issue and should be disregarded. *See Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1460 (9th Cir. 1995).

6

*Secretary of Health & Human Serv.*, 726 F.2d 1470, 1473 (9th Cir. 1984). Plaintiff solely argues that she "was not able to hear the proceedings and therefore unable to respond appropriately and offer information about [her] conditions" (#21, p. 1). However, during her hearing, plaintiff stated that she could hear the ALJ's voice and could read his lips as well (AR 21-22). It is not clear why this would have prevented plaintiff and her attorney from presenting relevant medical evidence. Moreover, "to demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. Plaintiff has failed to satisfy the good cause requirement.

### IV. CONCLUSION

Based on the foregoing, the court concludes that plaintiff fails to demonstrate the materiality of the evidence she seeks to introduce as grounds for reversal or remand. Additionally, plaintiff does not have good cause for failure to introduce this evidence earlier. Therefore, plaintiff's motion for remand (#21) should be **DENIED** and defendant's cross motion to affirm the Commissioner's decision (#19) should be **GRANTED**.[6]

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

---

[6] Plaintiff does not argue in her motion (#21) that the Commissioner's decision was unsupported by substantial evidence or based upon reversible legal error.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal (#21) be **DENIED** and defendant's cross-motion to affirm (#19) be **GRANTED**.

**DATED**: March 21, 2012.

_____
UNITED STATES MAGISTRATE JUDGE